† NORRIS *versus* ANDROSCOGGIN RAILROAD COMPANY.

Railroad corporations required by their charter to keep and maintain legal and sufficient fences on the exterior lines of their road, for neglecting that duty, are made liable to a forfeiture of one hundred dollars per month by c. 41 of Acts of 1853.

Norris *v.* Androscoggin Railroad Co.

This Act being remedial and for the protection of property peculiarly exposed by the introduction of locomotive engines, applies to corporations existing before its passage.

A *neglect* by the corporation to erect or maintain such a fence, renders them liable to reimburse any person suffering injury in his property thereby, in an action at common law.

Thus, where the plaintiff's horse, by reason of a defective fence upon the line of a railroad, well known to the company, escaped from his pasture upon the track, and was injured by the engine, the railroad company are responsible for the damages, notwithstanding the engineer was in the exercise of due care, and the fence was originally *imperfectly* built by the plaintiff for the company.

ON REPORT from *Nisi Prius*, RICE, J., presiding.

CASE, to recover for an injury done to plaintiff's horse.

The defendants' railroad is made through improved land of the plaintiff, and, through a defect in the fence on the line of the railroad, his horse escaped from his pasture on to the track, and was injured by the locomotive of the defendants while running an evening train. The testimony of the engineer showed that he was exercising due care; that he was running twenty-five miles an hour, and that after seeing the horse, the collision could not be avoided.

About two years prior to the accident the defendants employed the plaintiff to build the fence between his land and the track, a part of which was stone wall, and paid him therefor.

Several days before the injury there was a gap in the wall of five feet long, where the top stones of the wall were down, leaving the remaining stones in the wall 22 inches high and 18 inches thick, over which the horse escaped.

The full Court were authorized to render such judgment as the law and facts required.

*May*, for defendants, denied that they were liable at common law. *Rust* v. *Low*, 6 Mass. 90; *Little* v. *Lothrop*, 5 Maine, 356; American Law Reg., vol. 3, No. 6, p. 341 and cases there cited.

The defendants, being in the exercise of their lawful rights, cannot be held liable for injuries without their fault any further than made so by statute. *Chapman* v. *Atl. &*

*St. Lawrence Railroad*, 37 Maine, 92.  Neither are defendants liable for this injury by any statute.  It is not found in their charter, and the only liability imposed upon them, when in the exercise of due and ordinary care, is found in § 5, c. 9, of laws of 1842, in regard to fires communicated by their engines.

If it is said they are liable at common law for the neglect of some duty imposed by statute, by reason of which a loss occurs, must not the declaration so allege it?  The suit is merely for killing the horse through want of ordinary care.

The defendants are under obligation to support fences on the exterior lines of their road; but before they can be held liable for slight defects in their fences, they must have reasonable notice of such defects, and according to the evidence, the defect here is not such a want of care as would make the defendants liable in this action.  *Trow* v. *The Vermont Central Railroad Co.*, 24 Verm. 488.

Even if there were neglect here, it was too remote to make them liable for the horse.  There must be want of care at the time the damage is done.

*Ludden,* for plaintiff, contended, that defendants were bound by the common law to maintain fences sufficient to keep cattle from their track, and a neglect to do so, renders them liable for the damages.  *Quimby* v. *Vermont Central Railroad Co.*, 23 Verm. 387; *Trow* v. *same*, 24 Verm. 488; *Bridge* v. *Grand Junction Railway Co.*, 3 Meeson & Wel. 244; *Dean* v. *Sullivan Railroad Co.*, 2 Foster, 316.

As the defendants were bound to erect and maintain the fence, so are they bound to know the condition of the fence.  *Carter* v. *Becher*, 3 Burr. 1905; *Lynch* v. *Decoster*, 14 East, 494.

But we need not rely upon the common law.  The statute liability is clear.  The statute and defendants' charter required the fences to be kept up, and they were guilty of negligence in not doing it.  And this was *proximate* to the

injury. *Sherrod* v. *London & North-western Railroad Co.*, Railway & Canal Cases, vol. 6, p. 245.

TENNEY, J.—By the charter of the defendants, c. 184, § 11, of the special laws of 1848, they are required to keep and maintain legal and sufficient fences on each side of their railroad, when the same passes through enclosed lands, or lands improved, or lands that may be improved afterwards, and for the neglect of this duty they are liable to pay a fine, sufficient to. erect and repair the same.

By the statute of 1853, c. 41, § 20, a neglect in any railroad company, which is bound, by the provisions of its charter, to make or maintain fences bordering on its road, when by such neglect, the owner of the land, through which the railroad passes, is liable to suffer damages, after certain proceedings by the owner of the land, subjects the company to the forfeiture of the sum of one hundred dollars, for each month it shall neglect to make and maintain the fence, to be paid to the owner of the land. This statute was enacted after the Act of incorporation of the defendants. But it being one of those remedial Acts passed for the effectual protection of property peculiarly exposed by the introduction of the locomotive engine, applies to corporations existing before its passage. *Lyman* v. *Boston and Worcester R. R. Co.*, 4 Cush. 288.

A railroad company, as passenger carriers, are bound to the most exact care and diligence, not only in the management of the trains and cars, but also in the structure and care of the track and all the subsidiary arrangements necessary to the safety of passengers. *McElroy & ux.* v. *Nashua and Lowell Railroad Company*, 4 Cush. 400. And, for the security of persons or property exposed to injury by being upon or near the railroad track, at the time of the passage of the engine, the principles of the common law require that the agents of the company shall exercise common and ordinary care; and if they are guilty of neglect in this, and damages are occasioned to individuals in conse-

quence, the company will be liable, notwithstanding the injured party may be a wrongdoer in being upon the railroad.

In Vermont, where railroad companies are not required by statute provisions to make and maintain fences on each side of the land taken by them for the road, the Court say, in the case of *Trow* v. *Vermont Central R. R. Co.*, 24 Ver. 488, "the duty of maintaining fences and erecting cattle guards, is imposed on the corporation, not only as a matter of safety, in the use of their roads and running their engines thereon, but also as matter of security to the property of those living near and contiguous to the road. And this arises from the consideration, that they must know and reasonably expect, that without such precautions, such injuries will naturally and frequently arise. And where, for the distance mentioned in this case, no precautions of that kind were used upon the road, and in a place so public and common, we think, as a matter of law, there was that neglect, which will render the corporation liable for injuries arising solely from that cause."

And where the charter of the company and the general statute provide for the safety of property, not in the transportation thereof upon the railroad, but being in an exposed situation in its vicinity, by certain requirements, and by the neglect of these requirements, the property is destroyed or injured by the engine upon the road, the liability cannot be denied. If the charter imposes upon the company the obligation, at certain crossings, to place men to guard the passages across the track, and to prevent persons or domestic animals from passing when the trains are approaching, and this requirement should be neglected to the injury of a party, from the engine, no doubt could be entertained, that compensation for such injury could be legally claimed. And where it is required, for a like object, that the railroad passing by improved land shall be enclosed by a good and sufficient fence, and this shall be neglected by the company, and horses or other animals in consequence of this omission stray upon the track, and are killed or injured by the engine

or its appendages, the company is liable in damages. In such case, it is a neglect to construct the road in the manner prescribed, for the very purpose of giving to the owners of this kind of property the security designed, and the omission is the proximate cause of the damages sustained. *Sherrod* v. *London & North-western R. R. Co.*, 6 Railway and Canal Cases, 245. The owner of the contiguous improved land is entitled to remuneration for his losses so occasioned, equally with the passenger in the cars, who should be injured by reason of the omission of the company to construct the road in the mode required. As such defect was the cause of the injury, the great moderation with which the engine was driven, the extreme care of the engineer and the agents in attendance, would be no answer to the claim for damages received.

In the case before us, the company was guilty of a neglect, in suffering the fence between the plaintiff's pasture and the railroad to be out of repair, for several days. It is not exonerated from liability, as by the throwing down of the wall immediately before the escape of the plaintiff's horse, if such would excuse it; for it is presumed to have had ample notice of the defect. It was not the duty of the plaintiff to be upon the lookout, to see if the fence was entire, as it was not required of him to make, or to maintain it; and there is no evidence, that he had knowledge of its condition when the injury took place.

The defendants were wrongdoers, and no fault is attributable to the plaintiff. The injury to the horse was the consequence of a disregard of an express requirement of the law, and the company must answer in damages, unless they are relieved by other facts which appear in the case.

The fact that the plaintiff originally constructed the fence for the company is no defence. He received payment for that service, without objection, and his acts therein became the acts of the company. If he had constructed an insufficient fence, after its adoption by the company, his defaults cannot be set off against the liability of the other party.

The objection to the sufficiency of the writ cannot avail the defendants.  It does not purport to be an action by authority of any statute provision, such as is provided by R. S., c. 25, § 89, but is an action at common law, though the liability of the company may arise by reason of its charter and statutory provisions.

*Defendants defaulted.*