HENRY E. COZZENS *vs.* SIDNEY NASON.

A constable has no right to enter a dwelling-house, without the express or implied consent of the owner, to execute a warrant under the St. of 1867, *c.* 130, for the killing of unlicensed dogs.

TORT against a constable of the town of Ashland for entering the plaintiff's dwelling-house there on August 19, 1870, and tak-

ing away a dog and dog-collar, and converting them to the defendant's use. The defendant sought to justify his acts under a warrant from the selectmen, dated July 13, 1870, directing him to kill all dogs in the town not licensed and collared as required by the St. of 1867, c. 130.

At the trial in the superior court, before *Devens, J.,* the case was withdrawn from the jury, and reported for the determination of this court, under an agreement of the parties that judgment should be rendered in favor of the plaintiff for a certain sum if he was entitled to recover upon facts which appeared in evidence and were stated in the report, otherwise judgment for the defendant. The substance of the report appears in the opinion.

*L. H. Wakefield & G. L. Sleeper,* for the plaintiff.

*G. W. Norris,* for the defendant.

GRAY, J. This is an action against a constable for entering the plaintiff's dwelling-house and taking a dog not licensed and collared as required by the St. of 1867, c. 130. Under the similar statute of 1864, c. 299, it was held that the provision that "any person may, and every police officer shall, kill or cause to be killed all such dogs whenever and wherever found," did not authorize a private citizen to enter another's dwelling-house without his leave, for the purpose of seizing and killing a dog, and that by entering for that purpose, and taking out the dog, after the owner's wife had refused to give it up, he became a trespasser. *Kerr* v. *Seaver,* 11 Allen, 151. The authority conferred by that provision upon police officers and other persons, though mandatory as to the one and permissive as to the other, was in other respects expressed by the same words. Under that statute therefore a police officer had no greater right to enter a dwelling-house than any other person. Those words, when repeated by the legislature in the St. of 1867, c. 130, § 7, must receive the same interpretation. This defendant, having entered the plaintiff's dwelling-house for the purpose of killing his dog, and having taken the dog out, against the protest of the plaintiff's wife, was a trespasser.

In the case of *Smith* v. *Forehand,* 100 Mass. 136, on which the defendant relies, it appeared that the officer had not entered the

house for the purpose of taking out and killing the dog, (for it was admitted that the dog followed him in,) but for the purpose of informing the inmates of his duty, and exhibiting to them the warrant which was the evidence of his authority; and it was agreed, in the case stated by the parties, that he was only asked, by the person left in charge of the house, whether he could not wait until the owner came home, and, upon his answering that he could not, no further objection was made to his proceedings; and as it appeared, upon the statement to which the parties had agreed as containing all the facts upon which their rights were to be determined, that no objection was made to the officer's entering the house or taking out the dog, he was held to be justified.

But in the present case it appears that the dog was already tied up in the house when the defendant arrived, and that he entered for the purpose of taking the dog out, and took the dog after being distinctly requested by the plaintiff's wife to do nothing until the plaintiff came home. These facts would have warranted a jury in finding that the entry and acts of the defendant were against the will of the plaintiff. And upon this report we must assume as facts whatever upon the circumstances stated a jury might lawfully have found in favor of the plaintiff. *Sawyer* v. *Vermont & Massachusetts Railroad Co.* 105 Mass. 196. The case is thus brought within the principle acted on in *Kerr* v. *Seaver*, and affirmed in *Smith* v. *Forehand*, that one who enters a dwelling-house, without the express or implied leave of the owner, is a trespasser, even if the door is open.

*Judgment for the plaintiff.*