PATRICK McAULIFFE vs. THOMAS GASH.

Public Statutes R. I. cap. 93, § 13, which directs the killing of dogs at large without license or collar, gives no authority to enter upon a private close in order to carry out the purposes of the statute.

TRESPASS QUARE CLAUSUM. On demurrer to plea.

The defendant justified entering the plaintiff's close, setting up that he was a duly qualified special constable, whose duty was to kill "all dogs not licensed and collared according to law and going at large in said city of Newport, and to bury the same;" that he killed by poison a dog not licensed and collared on a public street, and went on the plaintiff's close, whither the dying dog had wandered, to obtain the dog's body for burial.

*Providence, April* 11, 1891. PER CURIAM. We do not think that the justification attempted to be set up in the defendant's second plea is sufficient. Pub. Stat. R. I. cap. 93, § 13,[1] upon which the defendant relies, confers no authority to enter upon the close of another for the purpose of killing or destroying dogs going at large and not licensed or collared according to law. Under a similar statute in Massachusetts, Statutes of 1858, cap. 139, § 1, which declared that it should be the right of any person and the duty of any sheriff, deputy sheriff, or constable, upon the request of any legal voter, to kill a dog going at large and not registered and collared as provided by that statute, it was held that no authority was conferred to enter a dwelling-house of another in order to kill such a dog. *Bishop* v. *Fahay*, 15 Gray, 61. And again in *Allen* v. *Kerr*, 11 Allen, 151, under another Massachusetts statute, Stat-

---

[1] As follows : —

SECT. 13. Any person may, and every such special constable so appointed and police officer and constable shall, kill or destroy, or cause to be killed or destroyed, all dogs going at large and not licensed and collared according to law ; and for each dog so killed, destroyed, and buried, such special constable shall be entitled to receive from the town or city treasurer the sum of two dollars.

utes of 1864, cap. 229, which might at first glance seem to give a broader authority, since it authorized the killing of dogs not licensed and collared, according to its provisions, not merely when going at large, but " whenever and wherever found," it was held that the defendant was guilty of a trespass in entering a dwelling-house without the consent of the owner, express or implied, for the purpose of catching and killing such a dog, which had taken refuge there. And see, also, to the same effect, *Cozzens* v. *Nason*, 109 Mass. 275.        *Demurrer sustained, and plea overruled.*

*Samuel R. Honey*, for plaintiff.

*William P. Sheffield, Jun.*, for defendant.