THE GREAT WESTERN RAILROAD COMPANY OF 1859,
Plaintiff in Error, *v.* GUY HELM, Defendant in Error.

### ERROR TO MACON.

A declaration against a railroad corporation for killing cattle need not negative the possibility that the animals may have been killed at a farm crossing. If the road is not properly fenced at such crossing, the company will be liable for injuries, and if it were properly fenced, that is matter of defense.

. If a declaration avers a wrong with a *continuendo*, it may be obnoxious on demurrer; but the objection is too late if made after issue has been joined.

THIS is an action of trespass on the case brought by defendant in error, Helm, as plaintiff below, against the plaintiff in error, as defendant below, to the November term, 1861, of the Macon Circuit Court.

The declaration filed by defendant in error, contains but one count. It alleges, that on the 1st day of January, 1860, and from thenceforward to the commencement of the suit, the defendant was possessed, and had entire control of the Great Western Railroad of 1859, and had the right to run upon the same, locomotives and trains.

That during all that time it was the duty of defendant to erect and keep in repair fences sufficient to prevent cattle, horses, sheep and hogs, from getting on to said road, except at the crossings of public highways, within the limits of towns, cities and villages, and where the same run through unimproved land at a greater distance than five miles from any settlement, through land where proprietors had fenced, and except where proprietors had agreed to fence, and to construct suitable cattle guards, etc.

That nevertheless, defendant, more then six months after the road was in use, neglected to comply with these requirements; by reason whereof, four horses, four cows, four sheep, and four hogs, the property of plaintiff, of the value of $100, on, etc., and on divers other days and times, strayed and got on to the said road; but not at any of the various excepted places.

That the defendant, by its servants, on the day aforesaid, so carelessly, negligently and improperly run, conducted and directed the trains, etc., that the said locomotives and trains struck with great force and violence the four horses, etc., etc., by and through the neglect of the said defendant to erect and keep in good repair, etc., etc., and the same did then and there wound, injure, damage and kill.

The defendant pleaded not guilty.

The cause was tried by the court without a jury, and judgment was rendered for plaintiff for $81 and costs.

TUPPER & NELSON, for Plaintiff in Error.

J. S. POST, for Defendant in Error.

CATON, C. J. The principal objection to this declaration is, that it does not negative the possibility that the stock may have been killed at a farm crossing. The statute does not exempt the company from fencing their roads at farm crossings, nor does it exempt it from liability for killing stock at such crossings if the road is not there fenced; but it expressly provides that it shall fence at farm crossings, specifying the kind of fence which shall be made at such places; that is to say, bars or gates for the accommodation of the farmers. This specification of the kind of fence does not alter the case from what it would be if the law had prescribed live hedges or stone walls in certain localities. If the stock was killed at a farm crossing, where the company had made such a fence as the law required, which some one had left down or open without the fault of the company, whereby the stock got in and was killed, that was a matter of defense for the company, and need not be negatived.

It is hardly necessary to remark, that even if any objection could ever have been urged to the declaration because the wrong is laid with a *continuendo*, that should have been done by demurrer, and it is too late now, after issue was joined upon it, trial had and judgment rendered, to assign it for error here. The declaration is good, in substance at least, and is undoubtedly sufficient to sustain the judgment.

The judgment is affirmed.

*Judgment affirmed.*