## ALVIN M. SAWYER vs. VERMONT & MASSACHUSETTS RAIL- ROAD COMPANY.

At the trial of an issue whether a railroad corporation or the landowner was bound by the St. of 1846, c. 271, to fence a piece of the railroad, it appeared that the corporation built the road-bed thereon, but did not lay the rails, before the passage of the statute, and filed the location of the road after its passage; and it did not appear that the corporation took any other title from the landowner. *Held,* that the corporation was bound to erect and maintain the fences.

In the trial of an action against a railroad corporation for killing a horse which ran upon the defendants' track from adjoining land which they negligently omitted to fence, it appeared that the proprietor of this land gave the plaintiff leave to put the horse in a stable thereon; that "the only travelled access to the land and stable" was by a path from the street; and that the horse escaped from the stable, was pursued, and ran upon the land, and thence upon the track, but not by the path. *Held,* that the evidence warranted a finding that the horse was lawfully on the land from which it ran upon the track.

TORT for the killing of a horse on the defendants' railroad in Fitchburg by their locomotive engine. Trial in the superior court before *Devens*, J., who reported the case as follows :

" At the trial, it appeared from the testimony of Moses Sleeper and Aaron Bruce, that the plaintiff had leave to put his horse in the shed or stable on the land of the Beckwith Company; that the only travelled access to the land and stable thereon was by a path from the street running thereby; that the land was traversed by the track of the defendants' railroad; that the road was located across the land and was unfenced ; that on December 3, 1869, the horse, upon Sleeper's going into the stable, broke away, backed out of the stable, escaped from Sleeper, played a little while on the land of the Beckwith Company, and went directly from said land, without going on other land, upon the track of the defendants, where it was killed by a passing train; that Sleeper endeavored· to catch the horse, and was pursuing it when it was killed ; and that the horse did not reach the track by the path before referred to, which ·led from the street to the stable ; but that there was no limitation in the license to use the stable, requiring any particular avenue of access thereto.

" It was further agreed that the railroad was commenced and partially completed in the first section thereof, which included the portion where this occurrence took place; that the bridges were built and the track partly graded; but that the rails were not laid; at the time of passage of the St. of 1846, *c.* 271, relating to the fencing of railways. The location of the road was filed June 14, 1847, and the charter therefor was granted before the passing of the St. of 1846. There was no evidence of any deed from the Beckwith Company or their grantors to the railroad corporation of the land where the accident occurred, but it appeared to have been taken by the defendants under the location of· their road.

" The testimony of Sleeper and Bruce not being disputed, and there being no fact in controversy, the case is reported for the decision of the supreme judicial court, by consent of both· parties. If the plaintiff is entitled to recover, it is agreed that the value of the horse was $200, and judgment is to be entered for that sum; otherwise, for the defendants."

*A. Norcross*, for the plaintiff.

*C. H. B. Snow*, for the defendants.   1. The railroad having been partially constructed before the passage of the St. of 1846, neither the letter nor the spirit of the statute required the corporation to erect fences. *Stearns* v. *Old Colony & Fall River Railroad Co.* 1 Allen, 493.

2. As the plaintiff had nothing more than a license to put his horse in the shed of the Beckwith Company, the horse cannot be said to have been lawfully on the adjoining land, even though there accidentally; and therefore the case falls within *Eames* v. *Salem & Lowell Railroad Co.* 98 Mass. 560.

CHAPMAN, C. J.   It appears that the defendants commenced, and partially completed, the first section of their railroad before the enactment of the St. of 1846, *c.* 271.   They built the bridges and partly graded the track, but did not lay the rails.   This section included the place where the plaintiff's horse was injured; but it does not appear what its length was, nor by what right, in addition to obtaining a charter, they entered upon the land. They filed their location June 14, 1847, and do not appear to have obtained any other title from the owner.   He had a right to have his damages assessed as of this date, and of course the expense of fencing would not be included in them. *Stearns* v. *Old Colony & Fall River Railroad Co.* 1 Allen, 493.   *Charlestown Branch Railroad Co.* v. *County Commissioners*, 7 Met. 78. *Baxter* v. *Boston & Worcester Railroad Co.* 102 Mass. 383. The defendants would be obliged to fence the land according to the requirements of the statute.

The fact is not stated that the plaintiff's horse was rightfully on the adjoining lot; but a jury might legally have found, from the circumstances stated, that he was there by license from the owners of the land; and as the case comes up by consent of parties in the form of a report, one of the terms of which is that if the plaintiff is entitled to recover, judgment is to be entered for him, we must treat as a fact whatever a jury would have been authorized by these circumstances to find.   The horse thus being on the land rightfully, and having escaped upon the track for want of a fence which the defendants were bound to erect, this action can be maintained.            *Judgment for the plaintiff.*