JAMES WALSH, APPELLANT, *v.* THE VIRGINIA AND TRUCKEE RAILROAD COMPANY, RESPONDENT.

LIABILITY OF RAILROADS FOR INJURIES TO DOMESTIC ANIMALS. The leading principle of the numerous cases in reference to the liability of railroad companies for injuries to domestic animals, is that such liability is founded only upon negligence or omission of duty on the part of the company.

No ACTION FOR ACCIDENT IN PROSECUTION OF LAWFUL ACT. If, in the prosecution of a lawful act, an accident, which is purely an accident, arises, no action can be maintained for an injury resulting therefrom.

RIGHTS OF RAILROADS TO EXCLUSIVE POSSESSION OF RAILROAD LANDS. A railroad company has the right to the possession of the land taken for the purpose of its road, and that possession is the right to its exclusive enjoyment; and to exclude all persons and beasts therefrom at any and all times.

ACTION AGAINST RAILROAD FOR NEGLIGENCE IN KILLING CATTLE—BURDEN OF PROOF. In an action against a railroad company for killing a domestic animal, which has strayed upon its track from land not belonging to its owner, it is incumbent on the plaintiff to show negligence on the part of the company.

MERE KILLING OF ANIMAL BY RAILROAD NOT EVIDENCE OF NEGLIGENCE. The mere killing of a domestic animal by a railroad train is not evidence of negligence on the part of the railroad company.

CONSTRUCTION OF RAILROAD LAW AS TO FENCES. The railroad law in reference to fences (Stats. 1864–5, 427, Sec. 40) providing that companies shall " maintain a good and sufficient fence on either or both sides of their property," taken in connection with the further provision that they shall be liable for the killing of domestic animals " when they stray upon their line of road where it passes through or alongside of the property of the owners thereof," simply

requires companies to fence their road where it may run through or alongside of the land of private individuals; that is, on either or both sides, as occasion may demand; and even then the fencing is only for the protection of adjoining owners, and no other person can complain of the want of it.

RAILROADS NEED NOT FENCE ON PUBLIC LAND. Our railroad law (Stats. 1864–5, 427, Sec. 40) does not require railroad companies to fence their road where it runs through public land.

RAILROAD, WHEN LIABLE FOR KILLING STRAYING CATTLE. If cattle stray upon a railroad directly from the land of their owner, and by reason of the failure on the part of the company to fence their road at that point, and are killed, the company would be held liable under the railroad act (Stats, 1864–5, 427, Sec. 40) on a simple showing of the facts of such killing and neglect to fence, without any further showing of negligence; but it is otherwise if they stray from public land or from land not belonging to their owner.

APPEAL from the District Court of the First Judicial District, Storey County.

This was an action to recover $301 for killing a cow which had strayed on the defendant's railroad track in the western part of the town of Gold Hill, in Storey County. The land at that point over which the road runs, and that from which the cow strayed, is uninclosed public land. On the trial in the court below, when the plaintiff rested, the defendant moved for a non-suit on the ground that the evidence failed to show that the killing of the cow was occasioned by any negligence or want of due care and caution on the part of defendant or its agents. The motion was sustained and judgment rendered for defendant. Plaintiff appealed from the judgment.

*W. E. F. Deal,* for Appellant.

I. It was not negligence in plaintiff to allow his cow to run at large. It was shown to have been the custom of the country to permit cattle to run at large upon the public land on each side of defendant's railroad, and that plaintiff used the lands for pasturing long before the road was built, and had so used them up to the time his cow was killed. *Waters* v. *Moss,* 12 Cal. 537; *Richmond* v. *Sacramento Valley R. R. Co.,* 18 Cal. 353.

II. The question of negligence was solely for the jury. The line of the road was not fenced where it passed through

the lands used by plaintiff, and it would have been sufficient for plaintiff to prove that the cow strayed upon the track and was killed by defendant's train. But he went further and showed that he employed a herdsman to take care of his cattle and that the cow on the track could have been seen by the engineer forty rods ahead. Redfield on Railways, 474, 476; 18 Cal. 355.

III. The land on both sides of defendant's track is public land, and all the right that defendant can claim to it is the right of way over it. Under the statute of 1864–5, 442, defendant was bound to fence the road, and is responsible to plaintiff for killing his cow. *Cowen* v. *N. Y. & Erie R. R. Co.*, 3 Kirwan, 42; *Sheppard* v. *The Buffalo, N. Y., & Erie R. R. Co.*, 35 N. Y. 644.

*W. S. Wood*, for Respondent.

I. The defendant is not liable in this action under the evidence introduced unless that liability is created by statute. Defendant was in the lawful possession, as owner of its road and road-bed, and the cow was run over and killed while she was trespassing upon the defendant's property. Sherman and Redfield on Negligence, Secs. 457, 491; *Clark* v. *Syracuse and Utica R. R. Co.*, 11 Barbour, S. C. 116; *Illinois Central R. R. Co.* v. *Reedy*, 17 Ill. 580; *The Chicago and Miss. R. R. Co.* v. *Patchin*, 16 Ill. 198; *Woolson* v. *Northern R. R. Co.*, 19 New Hamp. 267; *Chapin* v. *The Sullivan Railroad*, 39 New Hamp. 53; *Terry* v. *New York Central Railroad Co.*, 22 Barb. 586; *Marsh* v. *New York and Erie Railroad Co.*, 14 Barb. 371; *L. and F. R. R. Co.* v. *Milton*, 14 B. Monroe, 80.

II. The bare fact that the cow was killed by being run into by the defendant's locomotive, without any further proof, is not sufficient to establish a *prima facie* case of negligence. Such a position is not warranted by the authorities, and is not founded in correct reasoning. *Scott* v. *Wilmington and Raleigh R. R. Co.*, 4 Jones, (Law) 432; 1 Redfield on Railways, 465; *Indiana and Cincin. Railway* v. *Caldwell*, 9 Indiana, 397; *C. O. R. R. Co.* v. *Lawrence*, 13 Ohio State, 90;

*Lou. and Frank. R. R. Co.* v. *Bullard*, 3 Metcalf, (Ky.) 184; *Chicago and Miss. R. R. Co.* v. *Patchin*, 16 Illinois, 198; *Vandegrift* v. *Redicker*, 2 Zabriskie, 185.

III.    The statute of this State does not authorize a recovery under the proof in this cause by plaintiff. It undertakes to provide the persons to whom and the cases in which a railroad company shall pay for cattle killed on its road when it fails to fence, but plaintiff entirely failed to show that he was a person for whose protection the law was enacted, or that his case falls within the rule therein prescribed. The plaintiff is compelled to show himself to be an adjoining proprietor before he can claim that he is entitled to the protection of the act. He must establish that he is the owner of the close through which the road passes and from which the cow strayed.

The provisions of a statute requiring a railroad company to maintain fences on the sides of its track is a provision designed for the protection of adjoining owners. *Enright* v. *S. F. and S. J. R. R. Co.*, 33 Cal. 236; *Chapin* v. *The Sullivan Railroad*, 39 New Hamp. 60; *Cornwall* v. *The Sullivan Railroad*, 21 New Hamp. 263; *Woolson* v. *The Northern Railroad*, 19 New Hamp. 267; *Perke* v. *The Eastern Railroad*, 29 Maine, 307.

IV.    Plaintiff did not undertake to show any of the circumstances attending the accident, or why the cow was upon the track, or how she came to be there, or why his herder made no effort to get her away from the danger when he saw it approaching. The silence in the testimony upon all these questions argues strongly against his right to compel the defendant to reimburse him for a loss which, from all that is shown, seems to have resulted from his own fault and negligence.


By the Court, LEWIS, C. J.:


The question as to the extent of the liability of railroad companies for injuries to domestic animals has frequently

been before the courts, and has been considered in nearly every conceivable phase, so that at the present time the law upon this particular head is pretty thoroughly settled.

The leading principle pervading all the cases is that the liability of such companies is founded only upon negligence or omission of duty, and this principle is fortified by the cases of analagous character from the earliest history of the law. Thus it has always been held that if in the prosecution of a lawful act, an accident, which is purely so, arises, no action can be maintained for an injury resulting therefrom. *Davis* v. *Saunders*, 2 Chitty Rep. 639; *Goodman* v. *Taylors*, 5 Car. & P. 410. And in railroad cases, upon the same principle, it is always held necessary to show negligence to sustain an action for damages. *Gerres* v. *Portsmouth and Roanoke R. R. Co.*, 2 Iredell 324; *Lane* v. *Crombie*, 12 Pick. 177; *Harlow* v. *Humison*, 6 Cow. 189; *Vandegrift* v. *Redicker*, 2 Zabriskie, 185; *Louisville and Frankfort R. R. Company* v. *Ballard*, 2 Met. (Ky.) 177; *Chicago and Miss. R. R.* v. *Patchin*, 16 Ill. 198; 18 Ill. 260; 22 Barb. 574. Upon what other principle of law can a person who occasions damage while in the pursuit of a lawful business upon his own premises be held liable? Surely an individual so situated, who exercises proper caution and is not chargeable with negligence, can not be held for an accidental injury and damage resulting therefrom. There being no negligence in any sense of the word on the part of the person causing the injury, it would be a case of damage without a wrong, and consequently affording no cause of action. In all such cases, therefore, the negligence or want of that due care and caution which the situation demands is the very gravamen of the action, without which none can be maintained.

In this case it does not appear to be questioned but the defendant's business is entirely lawful, nor that it has the right to the possession of the land taken for the purposes of its road; and that possession, by all the authorities, is the right to its exclusive enjoyment, and to exclude all persons and beasts therefrom at any and all times. *Jackson* v. *The Rutland and Burlington R. R.* 25 Ver. 150. It follows, then,

as the defendant was engaged in a lawful act upon premises to which it had the exclusive right to the possession, it was incumbent on the plaintiff to show some degree of negligence at least to entitle him to maintain an action against it. This he entirely failed to do. Indeed there appears to have been no effort made in that direction, plaintiff relying entirely on these two propositions: 1st, that the mere killing of the animal by the locomotive engine of the defendant while in motion, was itself evidence of a want of due care; and 2d, that the defendant being required to fence its road at the point where the plaintiff's cow got on the track but not having done so, is in that respect chargeable with negligence and liable.

But it is not the law that the mere killing of a domestic animal by a railroad train is evidence of negligence. This question has frequently been before the courts and invariably ruled against the plaintiff, except where the general rule of law is abrogated by positive statute. The fact of killing an animal of value by the company's engines, says Redfield, is not *prima facie* evidence of negligence. 1 Redfield on Railways, 465. And it is so ruled in the following cases: *Scott* v. *The Wilmington and Raleigh R. R. Co.* 4 Jones, (Law) 432; *Indianapolis and Cincin. R. R.* v. *Means,* 14 Ind. 30; *Ill. Cent. R. R.* v. *Reedy,* 17 Ill. 580; *Chicago and Miss. R. R.* v. *Patchin,* 16 Ill. 198. See also Pierce's American Railway Law, 357.

Was it incumbent on the defendant to fence its road? At common law the proprietor of land was not required to fence; but every man was bound to keep his cattle on his own premises, and he might do this in any manner he chose. And this rule applies equally to railroads as to individuals. Does the statute then impose this obligation? It does not, as we understand it, require railroad companies to fence their road when it runs through public land. Its language is rather vague, but no sensible construction can be placed upon it except that it must fence its road where it runs through or alongside of land owned by individuals. That portion of the section bearing upon this question reads

thus: "It shall be the duty of the railroad company to make and maintain a good and sufficient fence on *either or both sides* of its property, and in case any company do not make and maintain such fence, if their engine or cars shall kill, maim, or destroy any cattle or other `domestic animals *when they stray upon their line of road where it passes through or alongside of the property of the owners thereof*, they shall pay to the owner or owners of such cattle or other domestic animals, a fair market-price for the same, unless the owner or owners of the animal or animals so killed, maimed, or destroyed shall be negligent or at fault." Statutes of 1864-. 5, page 442. Now it will be seen, that although railroad companies are in general terms required to fence their road, it does not appear to be made their duty absolutely to fence *both* sides, but "either or both." What is to be understood by this? The requirement would be literally complied with if the company simply fenced one side of its road, for the requirement is in the disjunctive, to fence one side or both. It certainly could not have been the intention of the legislature to leave so important a matter optional with railroad companies, to fence; and yet it can not be denied that by the strict interpretation of the language they are only required absolutely to fence one side; so, if a fence were made and maintained along the entire length of one side of the road, nothing more could be required under this section.

It is quite evident that this was not what was intended to be required, for it would simply result in an absurdity. What then was the intention of the legislature? Doubtless simply to require the companies to fence their road where it may run through or alongside of the land of private individuals; that is, on either or both sides as occasion may demand. This view is strengthened by the fact that the statute only makes the company liable for the injury to, or killing of stock "when they stray upon their line of road, where it passes through or alongside of the property of the owners of such cattle." So, too, it had frequently been held that fencing, even when required by statute, is only for the protection of adjoining owners, and that no other person

can complain of the want of it. *Jackson* v. *Bur. and Rut. R. R.*, 25 Vt. 150. Now this statute may have been adopted in reference to those decisions, and hence perhaps the requirement of a fence on " either or both sides " where there were owners to be protected. At any rate this case does not come within the statute, for it in terms only renders the company liable where the animals killed or injured stray upon the road directly from the land belonging to their owners. It would appear from this language that if they stray upon the track, from public land, or from land not belonging to the owner of the animals, it was not intended by the statute to render the road liable. This construction also is in conformity with decisions rendered before the adoption of the statute. Thus it is held in *Jackson* v. *Burlington and Rutland R. R. supra*, that a railroad company may be held liable for injury to cattle where they get upon the track directly from the land of the owner, but if they first stray upon the land of others and from there get on the track and are killed or injured, no liability is imposed on the company. And so it has frequently been held.

Under this statute, undoubtedly if cattle stray upon the railroad directly from the owner's land, by reason of the failure on the part of the company to fence the road at that point, it would be held liable by the simple showing of the facts that the company had neglected to fence the road along the land of the person owning the animals, that they strayed directly from his land on the road and were there killed, without showing any further negligence; for the failure to build the fence where required together with the other facts above mentioned would bring the case directly within the statute and without further showing create a cause of action. But where the case is not brought within the statute, negligence is the only ground of action, as we have already shown.

This case is not brought within the statute; for it is not shown that the company failed to fence at a point where it should have done so, nor that the animal killed strayed from land belonging to its owner on to the railroad, but that it came from public land unoccupied and unclaimed upon the

track; and as no negligence was shown, no cause of action was established. Nor could it help the plaintiff in this case if it were admitted that he had the right to allow his cattle to depasture on the public land, or even on the railroad track itself; for in that case both the company and the plaintiff's cattle would be rightfully on the track, and even in such case negligence or a want of due care must be shown to authorize a recovery for injury such as that here claimed.

Therefore the non-suit was properly granted.

Judgment affirmed.

GARBER, J., did not participate in the foregoing decision.