[L. A. No. 61.   Department One.—December 17, 1895.]

## AMELIA B. BAKER ET AL., RESPONDENTS, v. SOUTHERN CALIFORNIA RAILWAY COMPANY, APPELLANT.

ACTION IN JUSTICE'S COURT — LOSS OF ANIMALS — NEGLECT OF RAILWAY COMPANY TO FENCE TRACK—ISSUE AS TO OWNERSHIP OF LAND—APPELLATE JURISDICTION.—The supreme court has appellate jurisdiction of an action brought in the justice's court to recover the value of domestic animals killed upon the owner's land by the cars and engine of a railway corporation which has neglected to fence its track, though the animals are of less value than three hundred dollars, if the defendant first filed a verified answer putting in issue the allegation of the complaint as to the ownership of the land, and the case is thereupon certified to the superior court for trial, as one involving the title to real estate; and it appearing that the ownership or possession of the land is a condition precedent to recovery, the fact that the defendant, by his appeal to the supreme court from the judgment of the superior court, or from the order denying a motion for a new trial, raises no question as to the matters giving jurisdiction to the supreme court, is not material to its jurisdiction, and a motion to dismiss the appeal, for want of jurisdiction, must be denied.

APPEAL from a judgment of the Superior Court of the County of San Diego and from an order denying a new trial. GEORGE PUTERBAUGH, Judge.

The facts are stated in the opinion of the court.

*William J. Hunsaker*, for Appellant.

The jurisdiction of the superior court, in cases transferred to it from the justice's court by virtue of section 838 of the Code of Civil Procedure, is special, and the action must be tried and determined upon the pleadings filed in the justice's court. (*City of Santa Cruz* v. *Santa Cruz R. R. Co.*, 56 Cal. 143; *City of Santa Cruz* v. *Spreckles*, 57 Cal. 133; *Arroyo etc. Co.* v. *Superior Court*, 92 Cal. 52; 27 Am. St. Rep. 91.)

*Withington & Carter*, for Respondents.

Raising the question of title to realty by pleading it, as a mere pretense of jurisdictional matter, without the invocation of the judicial function thereon, and after-

ward abandoning it, does not oust the justice's court's jurisdiction and give it to the superior court. (Const., art. VI, sec. 4; *Oullahan* v. *Morrissey,* 73 Cal. 297; *Langan* v. *Langan,* 83 Cal. 618; *Salmina* v. *Juri,* 96 Cal. 420; *Fairbanks* v. *Lampkin,* 99 Cal. 429.)

GAROUTTE, J.—This is a motion to dismiss an appeal upon the ground of lack of jurisdiction in this court to entertain it. Section 485 of the Civil Code provides: " Railroad corporations must make and maintain a good and sufficient fence on either or both sides of their track and property. In case they do not make and maintain such fence, if their engine or cars shall kill or maim any cattle, or other domestic animals upon their line of road which passes through or along the property of the owner thereof, they must pay to the owner of such cattle or other domestic animals a fair market price for the same." Plaintiff brought an action in the justice's court, under the provisions of this section of the Civil Code, to recover for the value of two certain domestic animals killed by the cars and engine of defendant, said animals being of the value of one hundred and thirty dollars. It will be noticed that by this section it is contemplated that the plaintiff must be the owner of the land through which the line of road passes, and an allegation of ownership was made in the complaint in the present case. Defendant filed a verified answer, and, among other things, put in direct issue the allegation of the complaint as to the ownership of the land, and demanded that the case be certified to the superior court for trial, as one involving the title to real estate. The case was thereupon certified to the superior court, where judgment went for plaintiffs, and the appeal was taken which we now have under consideration.

We think the appeal will lie. This court has appellate jurisdiction " in all cases at law which involve the title or possession of real estate"; and, in this case, the title, or at least the possession, of a certain tract of land

was involved.    It was a material fact in the case, and the establishment of that fact was a condition precedent to a recovery.    In cases like the present one, jurisdiction of the court is determined by the nature of the evidence necessary to support the material allegations of the complaint.    And the fact that defendant, by his appeal to this court from the judgment or from the order denying a motion for a new trial, has raised no question as to those matters which give jurisdiction to this court, is not material as shedding light upon the disposition of the motion we are now considering.    We indorse the views of the learned commissioner, as expressed in the case of *Hart* v. *Carnall-Hopkins Co.*, 103 Cal. 132, and in consonance with the principle there declared we conclude the motion to dismiss the appeal must be denied; and it is so ordered.

HARRISON, J., and VAN FLEET, J., concurred.