[L. A. No. 483.    Department One.—October 31, 1899.]

AMELIA B. BAKER et al., Respondents, v. SOUTHERN CALIFORNIA RAILWAY COMPANY, Appellant.

ACTION AGAINST RAILROAD COMPANY—DEATH OF ANIMALS—UNCERTAINTY OF COMPLAINT.—In an action against a railroad company to recover the value of animals killed by its train, a complaint which alleges that they were killed as the result of the careless running and management of the cars and locomotive of the defendant, and also alleges possession and control by plaintiff of the land where the animals were killed, and that the same was not fenced, is uncertain as to the cause of action relied upon.

ID.—FAILURE TO FENCE RAILROAD—CONNECTION OF OCCUPANT WITH TITLE. Where the plaintiffs rely for recovery for the loss of animals upon the failure of the railroad company to fence its road, the plaintiffs must show connection with the title to the land on which the animals were killed. If there is a failure of proof as to the ownership of such land, and an utter failure of evidence to show that plaintiffs were tenants or licensees of the owners thereof, there can be no recovery upon the ground of a failure to fence the railroad.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial.

The facts are stated in the opinion of the court.

C. N. Sterry, and H. J. Stevens, for Appellant.

Withington & Carter, for Respondents.

VAN DYKE, J.—This action was brought in the justice's court to recover the sum of one hundred and thirty dollars, the value of a cow and steer alleged to have been killed by a train on defendant's road. An answer was filed in which it was alleged, among other things, that the determination of the action necessarily involved the question of title to, or possession of, real property, and the cause was accordingly certified to the superior court under the provisions of section 838 of the Code of Civil Procedure. On the appeal from the first trial, a motion was made to dismiss the appeal, on the ground that the court had no jurisdiction. This court held that the transfer of the cause to the superior court was proper, and that that court had

jurisdiction thereafter to try the cause; and the motion to dismiss the appeal was denied. (See *Baker v. Southern Cal. Ry. Co.*, 110 Cal. 455.)

On the merits of the appeal in that case, among the questions considered was the alleged error in overruling the demurrer to the complaint, as amended after the transfer to the superior court. And it was held that said complaint was uncertain as to whether the plaintiff's cause of action was founded upon negligent acts of the defendant in the management of its train, or upon the failure of the defendant to fence its track or right of way. (*Baker v. Southern Cal. Ry. Co.*, 114 Cal. 501.)

After the cause was remanded the complaint was again amended. In said last amended complaint it is alleged that the cattle were grazing "upon land occupied and controlled by plaintiffs adjoining said defendant's railway, and the said cattle then and there, without the fault of the plaintiffs, or either of them, casually strayed upon the ground and track occupied by the defendant's railway, in the county of San Diego, state of California. That defendant then and there, by its agents and servants, and not regarding its duty in that behalf, so carelessly and negligently managed its cars and locomotives that the same ran upon and against the said cattle and killed and destroyed the same, to the plaintiffs' damage and injury in the sum of one hundred and thirty dollars. That at the point where said cattle were killed as aforesaid, defendant's railway was not on the last-mentioned date, nor is the same now, fenced on either side thereof." It is very evident that this complaint is subject to the same uncertainty as the one considered by this court on the former appeal. It cannot be ascertained therefrom whether the plaintiff relies upon the allegation of negligence in the management of the train, or upon the allegation of possession and control of the premises through which the railroad passes, and that the same was not fenced.

It appears from the transcript that upon the trial of the cause the plaintiff relied upon the allegation of occupation and control by the plaintiff of the premises adjoining the said defendant's railway, and that the same was not fenced. The law creating a duty on the part of the railroad company to fence is con- ·

tained in section 485 of the Civil Code, and reads as follows: "Railroad corporations must make and maintain a good and sufficient fence on either or both sides of their track and property. In case they do not make and maintain such fence, if their engine or cars shall kill or maim any cattle or other domestic animals upon their line of road which passes through or along the property of the owner thereof, they must pay to the owner of such cattle or other domestic animals a fair market price for the same, unless it occurred through the neglect or fault of the owner of the animal so killed or maimed. Railroad corporations paying to the owner of the land through or along which their road is located an agreed price for making and maintaining such fence, or paying the cost of such fence, with the award of damages allowed for the right of way for such railroad, are relieved and exonerated from all claims for damages arising out of the killing or maiming any animals of persons who thus fail to construct and maintain such fence; and the owners of such animals are responsible for any damages or loss which may accrue to such corporation from such animals being upon their railroad track, resulting from the nonconstruction of such fence, unless it is shown that such loss or damage occurred through the negligence or fault of the corporation, its officers, agents, or employees."

It would seem from the reading of this section that it provides a penalty for killing or maiming cattle or domestic animals on the line of the road which passes through or along the property of the owner thereof, without regard to the manner in which the train may be operated (provided it be without neglect or fault of the owner of said animals), unless the company fence in its line of road. If the railroad company pay the owner of the land through which the railroad runs the price or cost of making or maintaining a fence as therein provided, then the company is relieved and exonerated from all claim for such damages, and, on the other hand, the owners of such animals are responsible for any damage or loss which may accrue to the company from such animals being on the railroad track resulting from want of such fence. The whole provision seems to be in the interest of the owner of the land through or along which the railroad runs.

But if it be conceded that a tenant or licensee of the owner may avail himself of the benefits of such law in like manner as the owner, the evidence here fails to show that the plaintiff was such tenant or licensee of the owner of the land. On the trial, against an objection from the defendant, the plaintiff introduced in evidence the record of a deed from the Combination Land Company to W. F. Carter, purporting to convey the interest of said company to said W. F. Carter, upon the statement of plaintiff's counsel that he proposed to connect the deed with lot 20, and also the title of the Combination Land Company with that lot. And also offered in evidence, over the objection of the defendant, the record of a deed from Bryant Howard, as trustee, to the Combination Land Company, a corporation, of certain real property situated in Soledad Valley, San Diego county, being lot 20, according to the map of the Sorrento lands and townsite. But the court stated the deed would be admitted as a link in a chain of evidence, if connected and the title traced to the plaintiffs.

There is no evidence, however, appearing in the transcript connecting this link in the chain of evidence with the source of title, or with any title. It was not shown that Bryant Howard, as trustee or otherwise, had title or was ever in possession of the premises, or that his grantee, the Combination Land Company, went into possession of said premises under its deed, or that the said W. F. Carter, who purchased from said Combination Land Company, went into possession under his deed, or in fact was ever in possession. William G. Baker, one of the plaintiffs, testified: "I occupied this lot 20 as agent of my wife" —the wife claiming to be owner of the stock that was killed —and the right to occupy or pasture said lot was obtained by parol from W. F. Carter's brother, and as his agent, two or three years prior.

The result is an utter failure of evidence to show that the plaintiffs were tenants or licensees of the owners of the land along or through which the railroad ran.

The judgment and order denying a new trial are reversed and the cause remanded.

Harrison, J., concurred.

BEATTY, C. J., concurring.—I concur in the judgment of reversal, but I do not think the third amended complaint is uncertain as to the particular negligence upon which plaintiffs count. They charge that the defendant failed to fence its track and that it ran down and killed cattle of plaintiffs that had strayed upon the track. The charge of carelessness and negligence in running over the cattle, though unnecessary, does not make the pleading any less certain as to the grounds of the action.

There is, however, what I deem a more substantial fault in the complaint. To maintain an action under the statute the land which the railway company neglects to fence must be the property of the owner of the cattle. The plaintiffs here do not allege that the land was their property or the property of either of them, but only that it was occupied and controlled by them. Instead of alleging the material and essential fact, they merely alleged that which is inconclusive evidence of such fact. Their complaint is also defective in failing to show that the cattle strayed upon the track at a point where the same passes through or along the property occupied by them.

As to the right of a lessee to maintain an action under the statute, I have no doubt that his estate is sufficient for the purpose, though he would be bound, no doubt, by any waiver on the part of his landlord of the right to have the land fenced. There is in this case, however, not only a failure to allege that the land in question was the property of plaintiffs, but also a failure to prove tenancy under any person having title to the premises.

Hearing in Bank denied.