[Sac. No. 987.    Department Two.—December 10, 1903.]

## P. F. WALTHER, Respondent, v. SIERRA RAILWAY COMPANY et al., Appellants.

ACTION BY TENANT—KILLING OF DOMESTIC ANIMAL—FAILURE OF RAILROAD COMPANY TO FENCE TRACK—CONSTRUCTION OF CODE.—A tenant has a property right in the land occupied by him within the meaning of section 485 of the Civil Code, giving a right of action against a railroad company for the killing of a domestic animal "upon their line of road which passes through or along the *property* of the owner thereof," in case of the company's failure to fence the track. Any lawful occupant of the land may maintain the action in case of such failure.

APPEAL from a judgment of the Superior Court of Stanislaus County. William O. Minor, Judge.

The facts are stated in the opinion of the court.

S. D. Woods, L. J. Maddux, and R. L. Beardslee, for Appellants.

C. W. Eastin, for Respondent.

HENSHAW, J.—This action was prosecuted against defendants under section 485 of the Civil Code, to recover damages for the killing of a mule. The plaintiff was the lessee of the owner of the land. He was awarded a judgment, from which defendants appeal. The single proposition which they here advance is, that the section above cited gives a right of action only to the "owner" of the land along or through which the railroad passes, to the exclusion of tenants and lessees.

In support of their contention appellants quote *Baker* v. *Southern California Ry. Co.,* 110 Cal. 455, where it is said: "It will be noticed that by this section it is contemplated that the plaintiff must be the owner of the land through which the line of road passes." But herein the court was considering the sufficiency of the complaint filed in the justice's court, which pleaded ownership, and the question as to what would constitute a sufficient ownership under the statute was not before it. This becomes apparent from the fact that the learned author of the opinion in *Baker* v. *Southern California Ry. Co.* also spoke for the court in the case of *King* v. *Southern Pacific Co.,* 109 Cal. 96, where, discussing the case of *McCoy* v. *Southern Pacific Co.,* 94 Cal. 568, involving the same section of the Civil Code, he said: "The *status* of plaintiff was held to be that of a mere licensee of the Boyd brothers, they being at all times in the actual possession of the land, and, for the purposes of the statute heretofore referred to, the owners thereof." The Boyd brothers were but the tenants of the owner. Again, appellants rely upon the language of this court in the same case upon another appeal, reported in 126 Cal. 516, where it is said, still referring to this section of the Civil Code: "The whole provision seems to be in the interest of the owner of the land through or along which the railroad runs." But that decision further declared that, even if the section was broad enough in its scope to include a tenant or licensee, there was an utter failure of evidence to show that the plaintiffs were such tenants or licensees. If it

be held that the opinion is a determination that the provisions of the section limit the right of action to the owner of the land alone, then it must be noted that upon this particular point there was no decision of the court. It was a Department opinion, signed by but two members, and in the concurring opinion of the chief justice it is said: "As to the right of a lessee to maintain an action under the statute, I have no doubt that his estate is sufficient for the purpose, though he would be bound, no doubt, by any waiver on the part of his landlord of the right to have the land fenced."

We entertain no doubt that the last-quoted sentence expresses the true construction of the section, and this construction is not only borne out by our own decisions, but is in harmony with the cases arising under like statutes in sister states. In the first place, it is to be observed that the section itself does not limit the right of action to the owner of the land. Its language is, that the railroad company is responsible for the injury it may occasion to domestic animals upon its line of road which passes through or along the *property* of the owner of the animals. The only word here requiring definition is the word italicized, and the question is what is the property in land which a man must possess to vest him with this right of action. In *McCoy* v. *Southern Pacific Co.,* 94 Cal. 568, the action was brought, not by the owner, nor yet by the tenant of the owner, but by the licensee of the tenant, who had acquired from the tenant the right to pasture the land. The Boyd brothers were the tenants. Throughout the case it is assumed that the rights of the Boyd brothers were absolute under the statute, and the determination of this court was merely that their licensee occupied no more favorable position than would the tenants. This was a decision by the court in Bank, and in his concurring opinion Mr. Justice McFarland says distinctly and in terms: "The Boyds were the owners of the property within the meaning of the statute."

That a tenant has a property in land may not be doubted. The word as here used is interchangeable with estate. Immediately upon the commencement of the term, unless special reservation is made, the tenant succeeds to all the rights of the landlord that are annexed to the estate, so far as the possession

and enjoyment of the premises are concerned, and he may sue either the landlord or a stranger for any species of injury thereto that affects his estate. (Wood on Landlord and Tenant, p. 1300.) Elsewhere, as has been said, the decisions are uniform to the effect that the lawful occupant of the land may maintain this action, and, indeed, many of the cases go further, and upon the theory that the requirement to fence is an exercise of the police power for the benefit of the public generally, it is held that this action is open to any person suffering injury from the fault of the railroad company in this regard. (*Norris* v. *Androscoggin R. R. Co.*, 39 Me. 273;[1] *Marietta etc. R. R. Co.* v. *Stephenson*, 24 Ohio St. 48; *Sika* v. *Chicago etc. Ry. Co.*, 21 Wis. 370; *Great Western R. R. Co.* v. *Helm*, 27 Ill. 198;[2] *Sawyer* v. *Vermont etc. R. R. Co.*, 105 Mass. 196; *Dawson* v. *Midland Ry. Co.*, 8 L. R. Ex. 8; *Spinner* v. *New York Cent. etc. R. R. Co.*, 67 N. Y. 153; Rorer on Railroads, p. 1407; 1 Redfield's American Railway Cases, p. 355.)

A motion by respondent to dismiss this appeal has been submitted. It has been deemed advisable, however, to decide the case upon the merits, and under the conclusion which we have reached a decision upon the motion to dismiss becomes unnecessary.

The judgment appealed from is affirmed.

McFarland, J., and Lorigan, J., concurred.

Hearing in Bank denied.

[1] 63 Am. Dec. 621.          [2] 81 Am. Dec. 226.