[Civ. No. 475. First Appellate District.—December 1, 1908.]

## W. R. BARBEE and J. M. CURRELL, Respondents, v. SOUTHERN PACIFIC COMPANY, Appellant.

RAILROAD COMPANIES—FENCE LAW—LIABILITY FOR KILLING DOMESTIC ANIMALS LIMITED TO OWNER OR LESSEE OF ADJACENT LAND.—The railroad fence law of this state embodied in section 485 of the Civil Code, requiring railroad companies to fence their track or right of way on both sides thereof, and making them liable for the value of domestic animals killed or maimed upon their line of road which passes through or along the property of the owner thereof, is intended solely for the benefit of the owner or lessee of land adjoining the right of way, and their liability therefor is limited to the case where the animals killed belonged to the owner of such adjacent land, or to a lessee thereof who has such ownership as to be within the benefit of the statute.

ID.—COUNTY ROAD SEPARATING LAND FROM RIGHT OF WAY—ANIMAL ESCAPING TWO FENCES—NONLIABILITY.—When the railroad fence lies along a county road which separates its track from the fence of the lessee of land running on the other side of the road, the railroad company is not responsible for the killing of a domestic animal belonging to such lessee, who, in addition to escaping his own fences, had crossed the road and escaped upon the track through a defective fence constructed by the railroad company.

ID.—OWNERSHIP IN FEE OF ROAD NOT SHOWN—RIGHTS DEEMED COMMON TO PUBLIC.—Where there is nothing in the record to show that the lessor of plaintiffs owned the fee to the county road, the appellate court is precluded from assuming such fact, or that plaintiffs had any interest or rights in the road different from the general public.

ID.—CONSTRUCTION OF CODE—LINE OF ROAD PASSING "THROUGH OR ALONG THE PROPERTY."—In the code provisions as to "animals killed or maimed upon their line of road which passed through or along the property of the owner thereof," the word "along," as used in the statute, means "adjoining," and implies contact, and does not express the general sense of mere passing along parallel with the right of way when separated therefrom wholly by a county road.

ID.—NEGLIGENCE—BULL KILLED AT CROSSING—ABSENCE OF WARNING. The railroad company is liable for the killing of a bull belonging to the owner which was killed at a railway crossing owing to its negligence in not sounding a whistle or ringing a bell at such crossing.

APPEAL from a judgment of the Superior Court of Monterey County.   B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Daugherty & Lacey, for Appellant.

Alexander & Alexander, and C. B. Rosendale, for Respondents.

HALL, J.—Plaintiffs upon the trial recovered judgment against defendant for the sum of $165, as damages for the killing of two bulls of plaintiffs by the trains of defendant, and from the judgment defendant within sixty days from the entry thereof appealed.

The complaint is in two counts, the first of which sets out a cause of action under the provisions of section 485, Civil Code, for the killing of a bull, valued at $100, that entered upon the right of way of defendants through a defect or gap in the fence inclosing said right of way, and was there killed by a train of cars operated by defendant.

The action was brought in the justice court, but as the issues under the first count involved the right to the possession of land, the action was transferred for trial to the superior court. (*Baker* v. *Southern Cal. Ry. Co.*, 110 Cal. 455, [42 Pac. 975].)

It is contended by appellant that the facts do not bring plaintiffs' case within the benefits of section 485, Civil Code, and it is conceded by respondents that the responsibility for damage rests entirely upon the question whether the lands of respondents are within the provisions of said section.

Most, if not all, the states have enacted railroad fence laws. These laws vary in their terms and effect in the different states. In some they are regarded as police regulations, intended for the benefit and protection of the public generally, while in others they are regarded as providing for division fences, and intended for the benefit of the adjoining property owner only. (2 Thompson on Negligence, sec. 2047.)

This latter construction has been placed upon the law of this state. (*Baker* v. *Southern Cal. Ry. Co.*, 110 Cal. 455, [42 Pac. 975] ; *Baker* v. *Southern Cal. Ry. Co.*, 126 Cal. 516, [58 Pac. 1055] ; *Boyd* v. *Southern Cal. Ry. Co.*, 126 Cal. 572, [58 Pac. 1046].)

A lessee has such an ownership as to be within the benefit of the statute. (*Walther* v. *Sierra Ry. Co.*, 141 Cal. 288, [74 Pac. 840].)

From the bill of exceptions it appears that the bull in question was killed on the right of way of defendant where it passes through Kings City township in Monterey county; "that there is a county road which runs parallel with said right of way through said township, and such county road was in existence at all times mentioned in the complaint. That the fence on the north boundary of said right of way constitutes the southern boundary of said county road. That the land described in the complaint is located on the south of said railroad right of way and immediately adjoining said right of way, and also on the north of and immediately adjoining said county road. That by some unknown means said bull escaped from the lands leased by plaintiffs on the north of said county road, and entered upon said county road, and from said county road said bull passed through a hole in the fence on the north side of said railroad right of way in and upon said right of way, where it was soon thereafter killed as aforesaid." In other words, the parcel of land from which the bull escaped is separated from the right of way of the defendant by a county road, and the facts are so stated in the bill of exceptions that we are precluded from assuming that the lessor of plaintiffs owned the fee to the county road, or that plaintiffs had any interest or rights therein different from the general public.

The pertinent part of the section under which the count is framed is as follows: "Railroad corporations must make and maintain a good and sufficient fence on either or both sides of their track and property. In case they do not make and maintain such fence, if their engines or cars shall kill or maim any cattle or other domestic animals upon their line of road which passes through or along the property of the owner thereof, they must pay to the owner of such cattle or other domestic animals a fair market price for the same, unless it occurred through the neglect or fault of the owner of the animal so killed or maimed. Railroad corporations paying to the owner of the land through or along which their road is located an agreed price for making and maintaining such fence, or paying the cost of such fence, with the award of damages allowed for the right of way for such railroad, are

relieved and exonerated from all claims for damages arising out of the killing or maiming any animals of persons who thus fail to construct and maintain such fence; . . .''

It is apparent from the reading of the entire section that it has for its purpose the benefit of the land owners through or along whose land the railroad runs, and was not intended for the benefit of the public at large. For the benefit of the land owner it is first made the duty of the railroad corporation to erect and maintain a fence on either or both sides of its track; but because the burden is imposed on the corporation for the benefit of the land owner and not for the benefit and protection of the general public, the corporation is allowed to relieve itself from the burden by paying to the land owner an agreed price therefor.

A right of action is not given to every person whose animal gets upon the track through a defective fence and is in consequence killed, but is given only when the corporation's "line of road passes through or along the property of the owner" of the animal killed or injured.

It is not alleged in the complaint that the railroad right of way passes through the lands described in the complaint, but only that it ran "alongside of and adjoining" said lands. From the statement in the bill of exceptions it is clear that the right of way of defendant did not adjoin the parcel of land from which the bull escaped onto the county road, and only in a general sense can it be said to pass along said parcel of land. (*Baker* v. *Southern Cal. Ry. Co.*, 110 Cal. 455, [42 Pac. 975]; 126 Cal. 516, [58 Pac. 1055]; *Boyd* v. *Southern Cal. Ry. Co.*, 126 Cal. 572, [58 Pac. 1046]; *Walther* v. *Sierra Ry. Co.*, 141 Cal. 288, [74 Pac. 840].)

The word "along" as used in the statute means adjoining, and implies contact. This is the meaning that has been given in Missouri to the same word in a statute requiring every railroad to erect and maintain fences on the sides of the road where the same passes through, along or adjoining inclosed and cultivated fields or prairie land. (*Walton* v. *St. Louis I. M. & S. Ry. Co.*, 67 Mo. 56.) In this case it was held that the railroad was not required to fence against prairie land from which it was separated by a strip of timbered land sixty feet in width.

The statute of Nevada is very similar to the statute of this state, in that it requires the railroad company to fence on

*either or both sides of its property,* and gives an action to the owners of animals killed when they stray upon the road where it passes through or alongside of the property of the owners thereof.   It is there held that the obligation to fence is for the benefit of the owners of adjoining land, and that the statute only renders the company liable where the animals killed or injured stray upon the road directly from the land of their owners.   (*Walsh* v. *Virginia & Truckee R. R. Co.,* 8 Nev. 110.   See, also, *Jackson* v. *Rutland & B. R. Co.,* 25 Vt. 150, [60 Am. Dec. 246].)

As the land from which the bull escaped does not adjoin the railroad of defendant, plaintiffs have not brought themselves within the benefits of section 485, Civil Code, and for this reason the judgment must be reversed.

The second count is for damages for the killing of a different bull, found to be of the value of $65.   It is alleged that this bull was killed through the negligence of defendant in running its locomotive and cars.   The particular negligence relied on is in not sounding a whistle or ringing a bell as a freight train approached a public crossing.   Evidence was given that such train passed the crossing before daylight without sounding a whistle or ringing a bell.   The bull was shortly afterward found near the crossing "all bruised up."

The evidence that the bull was struck by that particular train is purely circumstantial, but we think it sufficient to support the inference that it was so struck at the crossing and because the whistle and bell were not sounded.   The evidence as to the second cause of action supports the findings.

For the insufficiency of the evidence to support the findings as to the first cause of action the judgment is reversed and the cause remanded for a new trial as to the first cause of action.   Such judgment to be finally entered as shall be warranted by such findings as shall be made on such new trial as to such first cause of action, and the findings as they now stand as to the second cause of action.

Cooper, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 12, 1909.